UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BANAER E YOUKHANA** )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**UNITED STATES CITIZENSHIP AND** )<br>**IMMIGRATION SERVICES** )<br>**A/K/A "USCIS"** )<br>**Defendant** ) | **Case No: 2025 CV 2059** |

# COMPLAINT FOR WRIT OF MANDAMUS

Now comes the Plaintiff, BANAER E YOUKHANA, by and through his attorney Alexander Michael and hereby brings his complaint for mandamus relief against Defendant, United States Citizenship and Immigration Services, a/k/a USCIS. In support of this petition, Plaintiff hereby states as follows:

## PARTIES

1. Plaintiff, BANAER E YOUKHANA, ("YOUKHANA") is the Plaintiff in this case and resides in the state of Illinois.

2. Defendant, UNITED STATES CITIZENSHIP and IMMIGRATION SERVICES ("USCIS") is a United States agency, charged with determining eligibility of immigration benefits, approving, denying, and otherwise adjudicating immigration related applications when an individual is not in removal proceedings.

## FACTUAL BACKGROUND

3. YOUKHANA is citizen of Iraq and he applied for asylum in the United States on January 6, 2014.

4. YOUKHANA's application has been pending with USCIS since January 2014 and has not been adjudicated.

5. YOUKHANA's A number or Alien number (A USCIS identifier for all immigration applicants) is 206-322-368.

6. YOUKHANA's asylum application (Form I-589) was issued a receipt number of ZCH1400000550 by USCIS.

7. Despite the fact that the asylum application has been pending with USCIS for 11 years, YOUKHANA has not even been summoned for an interview on his I-589 application.

8. Adjudicating I-589 asylum applications is within the ordinary course of business and scope of duties of USCIS.

9. That such delay is well outside normal processing times.

10. The Instant Action for Mandamus arises from the fact that the Plaintiffs believe that the delay is occasioned by USCIS and that such delay stems from a failure to act or exercise their duty in these matters.

11. That such delay in adjudicating a routine application is unreasonable. The Plaintiffs seek an order to compel USCIS to act on this application and move it towards resolution/adjudication.

## JURISDICTION AND VENUE

12. This is a civil action brought pursuant to 28 U.S.C. §1361 which states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

13. The case is pending with the Chicago branch of the USCIS office. The Chicago USCIS Office is located in Chicago, IL and within the Northern District of Illinois.

14. Jurisdiction is further conferred under the federal question provision of 28 U.S.C. §1331, which states that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

15. Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §555 (b) and 702.

16. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

17. USCIS is subject to 5 U.S.C. §555 (b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (where the court held that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C.§1331. Furthermore, 5 U.S.C. §706(1) grants the power for the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed".

## COUNT I: WRIT OF MANDAMUS

18. Plaintiff hereby restates and repleads Paragraphs 1-18 as though they were fully set forth herein in this paragraph.

19. YOUKHANA is entitled to a decision on his asylum application.

20. YOUKANA, as of February 27, 2025, has been waiting for a decision for over 11 years.

21. YOUKANA is now 78 years old, and his health is deteriorating.

22. 28 U.S.C. §1361 states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

23. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

24. That USCIS has not acted in a reasonably timely manner.

25. The Plaintiff has had to deal with the unknown future for years to this point, and possibly several more years if USCIS is not compelled to act on this application.

26. That the Defendant's delay has caused Plaintiff an unreasonable amount of stress, delay, expenses from this uncertain future.

27. A Plaintiff filing a mandamus complaint must demonstrate that: (1) she has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. U.S.*, 34 F. 3d 507, 513 (7th Cir. 1994); *Iddir v. INS*, 301 F. 3d 492, 499 (7th Cir. 2002).

28. The Plaintiff meets all of the three requirements.

29. The Plaintiff is entitled to adjudication and obtain a fair and timely decision on his case.

30. The Defendant, USCIS, is the only agency who has the requisite authority to adjudicate asylum applications.

31. Finally, other than a decision by USCIS, there is no other way possible to resolve Plaintiffs' immigration status in the United States since USCIS is the only agency with

authority to act on behalf of the United States and make determinations regarding asylum applications outside of removal proceedings.

32. Defendant's delay is without justification. No explanation has been given for the nature of the delay.

WHEREFORE, the PLAINTIFF, by and through their attorney, prays for the following relief:

A. Compel the Defendant, USCIS, and those acting under them or within their scope of duties at USCIS to take all appropriate action to adjudicate the Plaintiff's case without further delay;

B. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

C. Grant such other and further relief as this Court deems proper.

Respectfully Submitted

/s/ *Alexander Michael*
_____
Alexander Michael
Ettinger and Associates
12413 S. Harlem
Suite 203
Palos Heights, IL 60463
708-923-0368